UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Tristar Products, Inc. (a Florida corporation),**<br><br>                              Plaintiff,<br><br>v.<br><br>**Whele LLC d/b/a Perch (a Delaware limited liability company),**<br><br>                              Defendant. | CIVIL ACTION FILE NUMBER:<br><br>DEMAND FOR JURY TRIAL<br><br>*Document Filed Electronically* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Tristar Products, Inc. (hereinafter "Tristar Products" or "Plaintiff"), by the undersigned attorneys, for its Complaint against Whele LLC d/b/a Perch ("Defendant"), upon actual knowledge with respect to known matters, and upon information and belief as to all other matters, alleges as follows:

## THE PARTIES

1.  Plaintiff Tristar Products, Inc. is a Florida corporation with a principal place of business at 492 Route 46 East, Fairfield, New Jersey 07004.

2.  Defendant Whele LLC d/b/a Perch is a Delaware limited liability company and, upon information and belief, has a principal place of business at 222 Berkeley Street, Boston, MA 02116.

## NATURE OF ACTION

3.  This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4.      This is an action brought by Tristar Products, the exclusive patent licensee of U.S. Patent No. 7,549,448 ("the '448 patent"), U.S. Patent No. 9,022,076 ("the '076 patent"), U.S. Patent No. 9,371,944 ("the '944 patent"), and U.S. Patent No. 9,182,057 (collectively, "Patents-In-Suit"), to recover damages resulting from Defendant's infringement of the Patents-In-Suit and other legal and equitable relief.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of the claim for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Defendant is subject to this Court's general personal jurisdiction at least because Defendant is a resident of Massachusetts as defined by Massachusetts law. On information and belief, Defendant is headquartered in Massachusetts.

7.      Defendant is additionally subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the Commonwealth of Massachusetts and this District, pursuant to due process and/or the Massachusetts Long Arm Statute, Mass. Gen. L. ch. 223A, § 3. On information and belief, Defendant committed the tort of patent infringement in the Commonwealth of Massachusetts and this District; Defendant purposefully availed itself of the privileges of conducting business in the Commonwealth of Massachusetts and in this District; Defendant regularly conducts and solicits business within the Commonwealth of Massachusetts and within this District; Defendant recruits residents of the Commonwealth of Massachusetts and this District for employment inside or outside the Commonwealth of Massachusetts; Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the Commonwealth of Massachusetts and this District; and Defendant distributes, makes available, imports, sells and offers to sell products and services

throughout the United States, including in this judicial District, and introduces infringing products and services that into the stream of commerce knowing that they would be used and sold in this judicial district and elsewhere in the United States.

8.  Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## THE ASSERTED PATENTS

9.  On June 23, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,549,448 ("the '448 patent"), entitled "Linearly Retractable Pressure Hose". A copy of the '448 Patent is attached hereto as **Exhibit A**.

10. On May 5, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,022,076 ("the '076 patent"), entitled "Linearly Retractable Pressure Hose Structure". A copy of the '076 Patent is attached hereto as **Exhibit B**.

11. On June 21, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,371,944 ("the '944 patent"), entitled "Multi-Layer Pressure Actuated Extendable Hose". A copy of the '944 Patent is attached hereto as **Exhibit C**.

12. On November 10, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,182,057 ("the '057 patent"), entitled "Retractable Elastic Bungee Hose". A copy of the '057 Patent is attached hereto as **Exhibit D**.

## STANDING

13. Each of the Patents-In-Suit is owned by Ragner Technology Corporation ("RTC"), a Delaware corporation with an address at 4344 NW 34th Drive, Gainesville, Florida 32605.

14. Tristar Products is the exclusive licensee of the '448, '076, and '944 Patents pursuant to a License Agreement dated October 19, 2012 ("the 2012 Exclusive License Agreement").

15. Tristar Products is the exclusive licensee of the '057 Patent pursuant to a License Agreement with an effective date of November 9, 2015 ("the 2015 Exclusive License Agreement").

16. Tristar Products owns all substantial rights to file this action for patent infringement of the Patents-In-Suit.

17. The 2012 Exclusive License Agreement grants Tristar Products the right to bring an action with respect to infringement of the '448, '076, and '944 Patents.

18. The 2015 Exclusive License Agreement grants Tristar Products the right to bring an action with respect to infringement of the '057 Patent.

**DEFENDANT'S PATENT INFRINGING ACTIVITIES**

19. Upon information and belief, Defendant makes, uses, sells, offers to sell, and/or induces others to make, use, sell, and/or offer to sell hoses, including at least the "Flexi Hose" product (hereinafter "the Flexi Hose product").

20. The following is a screenshot obtained from Defendant's website accessible at www.flexihose.com which advertises the Flexi Hose product:



21.     As detailed below, the Flexi Hose product infringes at least one claim of each of the Patents-In-Suit.

## COUNT I

### (INFRINGEMENT OF THE '448 PATENT)

22.     Plaintiff repeats and realleges each of the foregoing paragraphs by reference as if fully set forth herein.

23.     The '448 patent remains valid, enforceable, and unexpired.

24.     Upon information and belief, Defendant directly infringed and is still infringing, both literally and under the doctrine of equivalents, at least claims 1, 13, 19, and 25-27 of the '448 patent by performing the claimed methods in its advertising, testing the products practicing the claimed methods, and offering for sale hoses that practice one or more methods claimed in the '448 patent. Such infringing hoses include at least the Flexi Hose product.

25.     Upon information and belief, Defendant has induced and continues to actively induce its customers, including retail customers and wholesale customers, to directly infringe the '448 patent, both literally and under the doctrine of equivalents. Defendant knew and knows of the '448 patent, and that its sale of the Flexi Hose product practicing the claimed methods constitutes infringement and would cause its customers to infringe at least claims 13 and 26 of the '448 patent. Through Defendant's advertising of and instructions on how to use the Flexi Hose product, Defendant specifically encourages and instructs consumers and wholesale customers to engage in uses of the Flexi Hose product that infringe one or more claims of the '448 patent. Defendant has done so with specific intent to infringe the '448 patent. As a result of Defendant's inducement, Defendant's customers did directly infringe and continue to infringe claims 13 and 26 of the '448 patent.

26.     Upon information and belief, Defendant, with knowledge of the '448 patent, has made, imported, tested, distributed, used, sold, and offered for sale the Flexi Hose product and components and continues to test, import, distribute, use, offer for sale, and sell to retail customers and wholesale customers Flexi Hose products and components that can only reasonably be used to infringe the claimed methods of the '448 patent, and such customers directly infringed at least claims 13 and 26 of the '448 patent by using such Flexi Hose product and components. The Flexi Hose product can only reasonably be used by customers to directly infringe claims of the '448 patent and has no substantial non-infringing uses. The Flexi Hose product is not a staple of commerce. Defendant has committed and continues to commit contributory infringement of claims 13 and 26 of the '448 patent.

27.     For example, and without limitation, Defendant and/or its customers using a Flexi Hose product input water into the Flexi Hose product, which has an outer cover and a rubber tube inside the outer cover that are connected at each end. The rubber tube has a hollow interior through which water flows. The rubber tube generates a force tending to retract the outer cover longitudinally along its length. When Defendant and/or its customers use the Flexi Hose product, in normal operation, water flows into the rubber tube in the Flexi Hose product and the water flow out of the rubber tube is restricted. This restriction causes a pressure increase within the rubber tube above the ambient pressure outside the Flexi Hose product, which causes a force that tends to extend the Flexi Hose product and is directed in the opposite direction of the force generated by the rubber tube. This force from the restriction of the water flow can be adjusted in its magnitude less than or greater than the force caused by the rubber tube, by changing the pressure of the water inside the rubber tube. The length of the Flexi Hose product changes based on the magnitude of this force.

28. Defendant's infringements of the '448 patent have injured Tristar Products. Tristar Products is entitled to recover damages adequate to compensate it for such infringement, including lost profits, lost convoyed sales, and losses resulting from price erosion, but in no event less than a reasonable royalty.

29. Defendant has continued its commercial activities relating to the infringing hoses and is continuing such activities with knowledge of the '448 patent, and with knowledge that such activities infringe the '448 patent. These commercial activities are, at a minimum, done with reckless disregard of Tristar Products' rights under the '448 patent. Defendant's acts of infringement have therefore been intentional, deliberate, and willful.

30. This case is exceptional and, therefore, Tristar Products is entitled to an award of attorneys' fees. Upon information and belief, Defendant is fully aware of the Patents-In-Suit, that the Flexi Hose product infringes, and that Tristar Products is the exclusive licensee of the Patents-In-Suit. Upon information and belief, Defendant has engaged in licensing negotiations with RTC in an effort to obtain a license to the Patents-In-Suit for the Flexi Hose product, despite Tristar Products' exclusive license to the Patents-In-Suit.

31. Tristar Products has suffered irreparable harm as a result of lost market share, price erosion, consumer product confidence, and the direct competition between Tristar Products and Defendant in this market. Defendant further may be unable to satisfy a money judgment. The public interest would not be harmed should an injunction be granted, as Tristar Products has the manufacturing and marketing capacity to meet market demand.

## COUNT II

### (INFRINGEMENT OF THE '076 PATENT)

32.   Tristar Products repeats and realleges each of the foregoing paragraphs by reference as if fully set forth herein.

33.   The '076 patent remains valid, enforceable, and unexpired.

34.   Upon information and belief, Defendant directly infringed and is still infringing, both literally and under the doctrine of equivalents, at least claims 1, 2, 4, 7, 12, 13, and 15-17 of the '076 patent by making, using, selling, and/or offering to sell, and/or importing into the United States hoses that embody or use the inventions embodied in at least claims 1, 2, 4, 7, 12, 13, and 15-17 of the '076 patent, and/or performing the claimed methods in its advertising, testing the products practicing the claimed methods, and offering for sale hoses that practice one or more claims of the '076 patent, and/or by directing or controlling its customers who need to perform the claimed methods as instructed by Defendant's advertisements and product instructions to use the Flexi Hose product. Such infringing hoses include at least the Flexi Hose product.

35.   For example, and without limitation, Defendant and/or its customers use a Flexi Hose product to transport water by introducing water into the Flexi Hose product, which has a non-elastic but flexible outer cover with two ends and a substantially hollow interior. The Flexi Hose product also has an elastic rubber tube that can expand, with two ends and a substantially hollow interior. One end of the rubber tube and the outer cover are secured to a water valve coupler and the other ends of the rubber tube and the outer cover are secured to a fluid flow coupler, while the rubber tube and the outer cover are not connected between the couplers. Defendant and/or its customers, in normal operation, connect the water valve coupler to a water source and the fluid flow coupler to a fluid flow restrictor including, but not limited to, a flow adapter or a spray

nozzle. In normal operation, Defendant and/or its customers, by turning on the water source and/or restricting the water flow, increase water pressure at the region between the water valve coupler and the fluid flow coupler. This increase in water pressure expands the rubber tube longitudinally and laterally, which results in extending the Flexi Hose product. The extended Flexi Hose product automatically contracts to a decreased length and width when the water pressure at the region between the water valve coupler and the fluid flow coupler is removed, due to the rubber tube's tendency to retract. When there is no water pressure, the rubber tube, with its normal width and with no securing between the couplers, moves freely with respect to the outer tube.

36. Defendant's infringements of the '076 Patent have injured Tristar Products. Tristar Products is entitled to recover damages adequate to compensate it for such infringement, including lost profits, lost convoyed sales, and losses resulting from price erosion, but in no event less than a reasonable royalty.

37. Defendant has continued its commercial activities relating to the infringing hoses and is continuing such activities with knowledge of the '076 patent, and with knowledge that such activities infringe the '076 patent. These commercial activities are, at a minimum, done with reckless disregard of Tristar Products' rights under the '076 patent. Defendant's acts of infringement have therefore been intentional, deliberate, and willful.

38. This case is exceptional and, therefore, Tristar Products is entitled to an award of attorneys' fees. Upon information and belief, Defendant is fully aware of the Patents-In-Suit, that the Flexi Hose product infringes, and that Tristar Products is the exclusive licensee of the Patents-In-Suit. Upon information and belief, Defendant has engaged in licensing negotiations

with RTC in an effort to obtain a license to the Patents-In-Suit for the Flexi Hose product, despite Tristar Products' exclusive license to the Patents-In-Suit.

39. Tristar Products has suffered irreparable harm as a result of lost market share, price erosion, consumer product confidence, and the direct competition between Tristar Products and Defendant in this market. Defendant further may be unable to satisfy a money judgment. The public interest would not be harmed should an injunction be granted, as Tristar Products has the manufacturing and marketing capacity to meet market demand.

## COUNT III

### (INFRINGEMENT OF THE '944 PATENT)

40. Tristar Products repeats and realleges each of the foregoing paragraphs by reference as if fully set forth herein.

41. The '944 patent remains valid, enforceable, and unexpired.

42. Upon information and belief, Defendant directly infringed and is still infringing, both literally and under the doctrine of equivalents, at least claims 12-14 of the '944 patent by making, using, selling, offering to sell, and/or importing into the United States hoses that embody or use the inventions embodied in at least claims 12-14 of the '944 patent, and/or performing the claimed methods in its advertising, testing the products practicing the claimed methods, and offering for sale hoses that practice at least claims 12-14 the '944 patent, and/or by directing or controlling its customers who need to perform the claimed methods as instructed by Defendant's advertisements and product instructions to use the Flexi Hose product. Such infringing hoses include at least the Flexi Hose product.

43. For example, and without limitation, the Flexi Hose product is a garden hose without spring coils that has an outer cover and a rubber tube with two ends and a substantially hollow

interior. One end of the rubber tube and the outer cover are secured to a water valve coupler and the other ends of the rubber tube and the outer cover are secured to a fluid flow coupler. The water valve coupler is adapted to connect to a water source and the fluid flow coupler is adapted to connect to a fluid flow restrictor, including but not limited to a flow adapter or a spray nozzle. The fluid flow restrictor, by restricting the water flow out of the rubber tube, creates a water pressure at the region between the water valve and fluid flow couplers, which expands the rubber tube both longitudinally and laterally and increases the length of the Flexi Hose product. When the water pressure at the region between the couplers is released, the Flexi Hose product retracts back due to the rubber tube's tendency to retract back to its original length and width.

44. Defendant's infringements of the '944 patent have injured Tristar Products. Tristar Products is entitled to recover damages adequate to compensate it for such infringement, including lost profits, lost convoyed sales, and losses resulting from price erosion, but in no event less than a reasonable royalty.

45. Defendant has continued its commercial activities relating to the infringing hoses and is continuing such activities with knowledge of the '944 patent, and with knowledge that such activities infringe the '944 patent. These commercial activities are, at a minimum, done with reckless disregard of Tristar Products' rights under the '944 patent. Defendant's acts of infringement have therefore been intentional, deliberate, and willful.

46. This case is exceptional and, therefore, Tristar Products is entitled to an award of attorneys' fees. Upon information and belief, Defendant is fully aware of the Patents-In-Suit, that the Flexi Hose product infringes, and that Tristar Products is the exclusive licensee of the Patents-In-Suit. Upon information and belief, Defendant has engaged in licensing negotiations

with RTC in an effort to obtain a license to the Patents-In-Suit for the Flexi Hose product, despite Tristar Products' exclusive license to the Patents-In-Suit.

47. Tristar Products has suffered irreparable harm as a result of lost market share, price erosion, consumer product confidence, and the direct competition between Tristar Products and Defendant in this emerging market. Defendant further may be unable to satisfy a money judgment. The public interest would not be harmed should an injunction be granted, as Tristar Products has the manufacturing and marketing capacity to meet market demand.

## COUNT IV

### (INFRINGEMENT OF THE '057 PATENT)

48. Tristar Products repeats and realleges each of the foregoing paragraphs by reference as if fully set forth herein.

49. The '057 patent remains valid, enforceable, and unexpired.

50. Upon information and belief, Defendant directly infringed and is still infringing, both literally and under the doctrine of equivalents, at least claims 13-14 of the '057 patent by making, using, selling, offering to sell, and/or importing into the United States hoses that embody or use the inventions embodied in at least claims 13-14 of the '057 patent, and/or performing the claimed methods in its advertising, testing the products practicing the claimed methods, and offering for sale hoses that practice at least claims 13-14 the '057 patent, and/or by directing or controlling its customers who need to perform the claimed methods as instructed by Defendant's advertisements and product instructions to use the Flexi Hose product. Such infringing hoses include at least the Flexi Hose product.

51. For example, and without limitation, Defendant and/or its customers use the Flexi Hose product that has an outer cover and a rubber tube, through which water flows, placed inside the

outer cover. In normal operation, Defendant and/or its customers using the Flexi Hose product extend the hose by restricting the water flow within the Flexi Hose product by using a fluid flow restrictor such as, but not limited to, a spray nozzle or fluid flow adapter, which creates an increased pressure inside the rubber tube. Once the Flexi Hose product fully extends due to the water pressure, Defendant and/or its customers, in normal operation, stretches the Flexi Hose product and extends the hose further. At this state, the Flexi Hose product's outer cover radially contracts so that the diameter is less than the diameter before the hose was being pulled.  As the pulling stops while the water pressure remains, the Flexi Hose product retracts back to a length shorter than the stretched length, but longer than the length before Defendant and/or its customers stretched the hose.

52. Defendant's infringements of the '057 patent have injured Tristar Products. Tristar Products is entitled to recover damages adequate to compensate it for such infringement, including lost profits, lost convoyed sales, and losses resulting from price erosion, but in no event less than a reasonable royalty.

53. Defendant has continued its commercial activities relating to the infringing hoses and is continuing such activities with knowledge of the '057 patent, and with knowledge that such activities infringe the '057 patent.  These commercial activities are, at a minimum, done with reckless disregard of Tristar Products' rights under the '057 patent. Defendant's acts of infringement have therefore been intentional, deliberate, and willful.

54. This case is exceptional and, therefore, Tristar Products is entitled to an award of attorneys' fees.  Upon information and belief, Defendant is fully aware of the Patents-In-Suit, that the Flexi Hose product infringes, and that Tristar Products is the exclusive licensee of the Patents-In-Suit.  Upon information and belief, Defendant has engaged in licensing negotiations

with RTC in an effort to obtain a license to the Patents-In-Suit for the Flexi Hose product, despite Tristar Products' exclusive license to the Patents-In-Suit.

55. Tristar Products has suffered irreparable harm as a result of lost market share, price erosion, consumer product confidence, and the direct competition between Tristar Products and Defendant in this market. Defendant further may be unable to satisfy a money judgment. The public interest would not be harmed should an injunction be granted, as Tristar Products has the manufacturing and marketing capacity to meet market demand.

## **PRAYER FOR RELIEF**

WHEREFORE, Tristar Products prays that the Court enter judgment against Defendant as follows:

A. That Defendant has infringed and is infringing the Patents-In-Suit;

B. That Defendant and its officers, directors, agents, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of infringement of the Patents-In-Suit;

C. That Defendant be ordered to pay Tristar Products damages sufficient to compensate for Defendant's infringement of the Patents-In-Suit, including lost profits, losses arising from price erosion, and/or a reasonable royalty for past sales, together with prejudgment interest;

D. A finding of willful infringement of the Patents-In-Suit by Defendant and an award to Tristar Products of enhanced damages pursuant to 35 U.S.C. § 284;

E. That this action be declared as exceptional under 35 U.S.C. § 285 and that Tristar Products be awarded its attorneys' fees, costs, and expenses;

F. A permanent injunction under 35 U.S.C. § 283 prohibiting further infringement of the Patents-In-Suit.

G. That Tristar Products be awarded such other and further relief as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Tristar Products demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully submitted this 11th day of August 2022,

| | |
|---|---|
| OF COUNSEL:<br>Noam J. Kritzer<br>(nkritzer@bakoskritzer.com)<br>Ryan S. McPhee<br>(rmcphee@bakoskritzer.com)<br>**Bakos & Kritzer, LLP**<br>23 Vreeland Road, Suite 104<br>Florham Park, New Jersey 07932<br>(908) 273-0770 | s/ Joseph F. Shea<br>Joseph F. Shea (BBO#555473)<br>Michael Gilleran (BBO#192210)<br>**FisherBroyles, LLP**<br>75 State Street, Suite 100, PMB 4418<br>Boston, Massachusetts 02109<br>(617) 418-1704<br>Joseph.Shea@fisherbroyles.com<br>Michael.Gilleran@fisherbroyles.com<br><br>*Attorneys for the Plaintiff:*<br>*Tristar Products, Inc.* |